JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,

Plaintiff,

v.

ROLANDO NOEL CEDILLO, an individual doing business as CEDILLO LANDSCAPING,

Defendant.

CASE NO.:  CV 24-7387-GW-Ex

**JUDGMENT AND FINAL ORDER FOR ACCOUNTING**

DATE:        JANUARY 30, 2026
TIME:        1:00 P.M.
PLACE:      COURTROOM 9D
                    350 West 1st Street, 9th Floor
                    Los Angeles, CA 90012

[Hon. George Wu]

The Motion by Plaintiff for Default Judgment and for Final Order for Accounting came before this Court.  Upon consideration of the evidence and argument presented,

IT IS FOUND THAT Defendant, ROLANDO NOEL CEDILLO, an individual doing business as CEDILLO LANDSCAPING ("EMPLOYER") was regularly served with process and having failed to appear and answer the Plaintiff's Complaint, the Default of EMPLOYER has been entered; that the EMPLOYER is not an infant or

1

incompetent person; and that the EMPLOYER is not in active duty status as to any Department of the Department of Defense, and therefore, the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply to him.

The issues of the amount of damages and whether or not there is sufficient evidence to support the issuance of a Final Order for Accounting for the production of EMPLOYER's books and records to the TRUST FUNDS for a complete audit were submitted to the Court by motion supported by Declarations.

Based upon the Motion for Default Judgment and for a Final Order for Accounting, the Declarations submitted and all other records and documents on file;

**IT IS HEREBY ORDERED ADJUDGED AND DECREED that**:

Judgment is entered in favor of Plaintiff, **CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, LLC**, the administrator of and agent for collection several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers' Vacation Holiday and Sick Pay Trust Fund for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; San Diego County Construction Laborers Pension Trust Fund, San Diego Construction Advancement Fund 2003  and Southern California Partnership for Jobs Trust Fund (hereinafter collectively "TRUST FUNDS"), and against Defendant**, ROLANDO NOEL CEDILLO, an individual doing business as CEDILLO LANDSCAPING,** for the principal sum of $323,386.26 consisting of delinquent fringe benefits in the amount of $226,505.77 (of which $12,051.10 results from audit findings for

unreported/missing hours, $6,685.95 results from Monthly Reports without full payment, and $207,768.72 results from Schedule A Disbursements other than subcontracting claims, and subcontracting claims in the amount of $585.82); liquidated damages in the amount of $45,301.15; returned check fees in the amount of $35.00, and audit fees in the amount of $1,280.00; and interest in the amount of $59,265.34 calculated through January 29, 2026. In addition to the principal sum, judgment is also entered for Attorney's fees of $10,247.73 and court costs in the sum of $1,175.90, resulting in a total Judgment sum of $343,809.89.

The money judgment entered in this action against EMPLOYER is for known delinquencies incurred during the period from January 2022 to July 2024. However, EMPLOYER did not produce all of its payroll and business records to Plaintiff for an audit from December 2021 to September 2023 and has failed to produce all documents covering this time period or any documents after pertaining to dates after September 2023; therefore, entry of the money judgment in this action shall not be or operate as a bar and/or res judicata as to either the amount of delinquencies which may be discovered by any audit conducted covering December 2021 to the date of the audit by Plaintiff and/or by the TRUST FUNDS' representatives and/or which may be disclosed through claims by employees, and in any action brought to recover the subsequently disclosed delinquencies.

IT IS FURTHER ORDERED that EMPLOYER, and/or his accountants, managing employees, agents, and all persons acting by, through, or in concert with EMPLOYER be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records and that they produce and allow TRUST FUNDS to copy and have audit access to the payroll and business records for EMPLOYER from December 2021 to the date of the audit as follows:

1.    All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its

3

lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

2.    All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

4

3.   All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

4.   All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

5.   All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

6.   All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

7.   All records related to the formation, licensing, renewal or operation of the EMPLOYER.

IT IS FURTHER ORDERED that the failure of the EMPLOYER, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to provide the books and records of the EMPLOYER as ordered hereby may be cause for finding them in contempt of this Court; and Plaintiff may again, through appropriate legal process, request a finding that the EMPLOYER or other person(s) are in contempt of Court.

DATED: February 3, 2026

_George H. Wu_

HON. GEORGE H. WU,
United States District Judge